PROVIDED TO
CHARLOTTE CI
ON 9/8/20 FOR MAILING

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Middle District of Florida |
|---|---|

| | |
|---|---|
| Name (under which you were convicted): **John Curry** | Docket or Case No.: 8:20cv2120 T60 SsF |

| | |
|---|---|
| Place of Confinement: **Charlotte Correctional Institution, 33123 Oil Well Rd., Punta Gorda, FL 33955** | Prisoner No.: **R54550** |

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| **John Curry** | v. **Mark Inch**, **Secretary, Florida Department of Corrections** |

| The Attorney General of the State of Florida, **ASHLEY MOODY** |
|---|

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    **Sixth Judicial Circuit Court Pinellas County, Florida**

    (b) Criminal docket or case number (if you know)**: 13584CFANO**

2.  (a) Date of the judgment of conviction (if you know): **NOVEMBER 21, 2013**

    (b) Date of Sentencing: **November 21, 2013**

3.  Length of sentence: **Life**

4.  In this case, were you convicted on more than one count or of more than one crime?

    ☑ Yes    ☐ No    ☐

5.  Identify all crimes of which you were convicted and sentenced in this case: **Count One: First Degree Murder, Count Two: Attempted Felony Murder**

6.  (a) What was your plea? (Check one)

    ☑ 1) Not guilty    ☐ (3) Nolo contendere (no contest)

☐ (2) Guilty                    ☐ (4) Insanity plea

(b) If you entered a plea to one count different that the plea in any other count, what were the pleas?   **N/A**

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury        ☐ Judge only

7. Did you testify at a pretrial hearing, at trial, or at a post-trial hearing?

☑ Yes            ☐ No

8. Did you appeal from the judgment of conviction?

☑ Yes        ☐ No

9. If you did appeal, answer the following:

(a) Name of Court: **Second District Court of the State of Florida**

(b) Docket or case number (if you know): **2D15-1902**

(c) Result: **Per Curiam Affirmed**

(d) Date of result (if you know): **JUNE 29, 2016**

(e) Citation to the case (if you know): **Curry v. State, 194 So 3d. 1027 (FLA. 2ND DCA 2016).**

(f) Grounds raised**: One: The trial court committed reversible error in its evidentiary rulings and jury instructions; Two: The trial court committed reversible error by denying Petitioner's motion for mistrial after improper prosecutorial comments; and Three: The trial court committed reversible error by denying Petitioner's motions for judgment of acquittal.**

(g) Did you seek further review by a higher state court?    ☐   Yes    ☑   No

(h) Did you file a petition for certiorari in the United States Supreme Court?

☐ Yes    ☑ No

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

☑ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: **Sixth Judicial Circuit Court in and for Pinellas County, Florida**

(2) Docket or case number (if you know): **13584CFANO**

(3) Date of filing (if you know): **September 20, 2017**

(4) Nature of the proceeding: **Motion for Post conviction Relief pursuant to Fla. R. Crim. P. 3.850**

(5) Grounds raised: **Claim One: Ineffective Assistance of Counsel ("IAC") for failure to invoke the rule of sequestration; Claim Two: IAC failure to call a witness; Claim Three: IAC for failure to present video evidence; Claim Four: IAC for failure to limit questioning about nature of prior convictions; Claim Five: IAC failure to object to defendant's testimony on cross examination; Claim Six: IAC failure to request that the defendant walk to the witness stand; Claim Seven: IAC failure to object to closing argument; Claim Eight: IAC failure to adequately argue motion for judgment of acquittal; Claim Nine: IAC failure to file motion to suppress; Claim Ten: IAC failure to object to general verdict form; Claim Eleven: IAC failure to object to jury instructions; Claim Twelve: IAC failure to call an expert witness in fiber analysis; Claim Thirteen: "IAC failure to call an expert witness on false confessions; Claim Fourteen: IAC failure to object to jury instructions; Claim Fifteen: IAC failure to introduce evidence of defendant's phone**

3

**records; Claim Sixteen: failure to properly argue motion for judgment of acquittal; Claim Seventeen: Cumulative Error**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?   ☐  Yes    ☑No

(7) Result:   Denied

(8) Date of result (if you know):  **October 21, 2019**

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:  **Second District Court of Appeals of the State of Florida**

(2) Docket or case number (if you know): **2D-18-1740**

(3) Date of filing (if you know): **May 1, 2018**

(4) Nature of the proceeding: **Habeas Corpus petition pursuant to Fla. App. R. P. 9.141**

(5) Grounds raised: **Ineffective Assistance of Appellant Counsel was rendered when appellant counsel failed to argue that a fundamental error occurred when Petitioner was found guilty of first degree felony murder without being charged with the underlying felony**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?   ☐  Yes    ☑  No

(7) Result:  **Denied**

(8) Date of result (if you know):   **May 14, 2018**

(d) Did you appeal to the highest state court having jurisdiction over the action(s) taken on your petition, application, or motion?

     (1) First petition:      ☑ Yes    ☐ No

     (2) Second petition:    ☑ Yes    ☐ No

     (3) Third petition:     ☐ Yes    ☐ No   ☑ N/A

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: **N/A**

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE: TRIAL COUNSEL FAILED TO FILE A MOTION TO DISMISS INFORMATION. TRIAL COUNSEL'S FAILURE RESULTED IN THE DENIAL OF PETITIONER'S RIGHTS TO DUE PROCESS, EFFECTIVE ASSISTANCE OF COUNSEL AND A FAIR TRIAL AS AFFORDED BY THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.**

(a) Supporting facts (Do not argue or cite law; just state the specific facts that support your claim.):

Petitioner was charged by information with Murder in the First Degree as to Count One with the charging instrument specifically alleging that Petitioner "while engaged in the perpetration of , or in an attempt to perpetrate the crime of burglary and/or attempted robbery did actually possess a firearm and did shoot[the victim], with a firearm, and as a consequence thereof, Tamika Mack died." Petitioner, under the impression that the State was attempting to prove he was the actual shooter, was blind sighted at trial when it became evident during opening statements that the State was pursuing a theory that Tamika Mack was shot and killed by someone other than Petitioner but that Petitioner was nevertheless culpable as a principal. Because the proof adduced

at trial varied distinguishably from the facts alleged in the charging information, Petitioner was prejudiced in his preparation of a defense.

Trial counsel was aware, through discovery, that there was no evidence to demonstrate that Petitioner actually shot and killed the victim. Yet she failed to file a motion to dismiss the information pursuant to Fla. R. Crim. P. 3.140(o).

Such failure impaired Petitioner's right to be put on notice of what he was actually accused of and relieved the State of its burden to prove the charges as alleged in the information.

(b) If you did not exhaust your state remedies on Ground One explain why: Petitioner has identified a substantial claim of ineffective assistance of counsel that would have likely prevailed had it been raised on a motion for post conviction relief. Given that Petitioner was pro se litigant at the time he prepared his motion, this claim is ripe for review on the cause and prejudice doctrine expanded under Martinez v. Ryan and Trevino v. Thaler.

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

                ☐ Yes    ☑ No

    (2) If you did not raise this issue in your direct appeal, explain why: **Ineffective assistance of counsel claims are typically raised in a post conviction setting as they are not cognizable on direct appeal.**

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?                                                    ☐ Yes     ☑ No

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground: **N/A**

**GROUND TWO: TRIAL COUNSEL FAILED TO ADEQUATELY ARGUE FOR A MOTION FOR JUDGMENT OF ACQUITTAL TO COUNTS ONE. TRIAL COUNSEL'S FAILURE RESULTED IN THE DENIAL OF PETITIONER'S RIGHTS TO DUE PROCESS, EFFECTIVE ASSISTANCE OF COUNSEL AND A FAIR TRIAL AS AFFORDED BY THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.**

(a) Supporting facts (Do not argue or cite law; just state the specific facts that support your claim.): At the conclusion of the State's case, it was apparent that there was no evidence elicited to demonstrate that Petitioner was the actual shooter of Tamika Mack. Trial counsel recognized this fact and moved for a judgment of acquittal however she failed to bring to the trial courts attention that this situation constituted a fatal variance. Had trial counsel adequately addressed the difference in the charges as alleged in court one with the proof adduced at trial as a fatal variance, the trial court would have been bound by legal precedent to order the State to amend the information. Trial counsels failure resulted in the jury deliberating and returning a verdict of guilty for a crime that was not alleged in the original charging document. Thus Petitioner's rights to due process, effective assistance of counsel and a fair trial were violated.

(b) If you did not exhaust your state remedies on Ground Two explain why: **Petitioner, a pro se litigant has identified a substantial claim of ineffective assistance of counsel that would have likely prevailed had it been raised on an initial Motion for Postconviction Relief.**

7

**Under Martinez v. Ryan and Trevino v. Thaler, this claim is ripe for review as Petitioner was a pro se litigant at the time.**

**(c) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes    ☑No

(2) If you did not raise this issue in your direct appeal, explain why: **Claims for ineffective Assistance of counsel are not cognizable on direct appeal and are typically raised in a motion for collateral attack.**

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑No

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: **N/A**

**GROUND THREE: TRIAL COUNSEL FAILED TO PRESENT EXCULPATORY VIDEO EVIDENCE AT TRIAL, TRIAL COUNSEL'S FAILURE RESULTED IN THE DENIAL OF PETITIONER'S RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL AND A FAIR TRIAL AS AFFORDED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION**

(a) Supporting facts (Do not argue or cite law; just state the specific facts that support your claim.):

Video evidence in the form of footage from Child's Park on the night of the murders would have shown Petitioner had never gone there. This footage would have served as direct evidence that Petitioner was not at the park as he stated during his interrogation. Trial counsel's failure to present this evidence deprived him of his right to effective assistance of counsel and a fair trial.

(b) If you did not exhaust your state remedies on Ground Three explain why: **N/A**

(c) **Direct Appeal of Ground Three.**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes    ☑No

(2) If you did not raise this issue in your direct appeal, explain why: **Claims of ineffective assistance of counsel are not typically cognizable on direct appeal.**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    ☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state Type of motion or petition: **Motion for Postconviction Relief pursuant to Fla. R. Crim. P. 3.850**


Name and location of the court where the motion or petition was filed: **Sixth Judicial Circuit Court in and for Pinellas County, Florida**

Docket or case number (if you know): **CRC12-13584CFANO**

Date of the court's decision: **October 21, 2019**

Result (attach copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐No

(5) If your answer to Question (b)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:


Name and location of the court where the motion or petition was filed: **Second District Court of Appeal of the State of Florida**

Docket or case number (if you know): **2D19-4486**

Date of the court's decision: **July 15, 2020**

Result (attach copy of the court's opinion or order, if available): **Per curiam Affirmed**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: **N/A**

**GROUND FOUR: TRIAL COUNSEL FAILED TO LIMIT QUESTIONING ABOUT THE NATURE OF PETITIONER'S PRIOR CONVICTIONS. TRIAL COUNSEL'S FAILURE RESULTED IN THE DENIAL OF PETITIONER'S RIGHTS TO EFFECT THE ASSISTANCE OF COUNSEL AND A FAIR TRIAL AS AFFORDED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.**

(a) Supporting facts (Do not argue or cite law; just state the specific facts that support your claim.): During trial, Petitioner was asked on direct examination about his prior convictions by trial counsel. Specifically, trial counsel went beyond the standard inquiry concerning whether Petitioner had been previously convicted of a felony or a crime of dishonesty and how many times he had been convicted by asking : "[a]nd that's two possession of cocaine, two sales of cocaine, and an aggravated fleeing to elude." By asking in detail the nature of Petitioner's previous convictions, trial counsel displayed evidence of Petitioner's propensity to commit crime and his bad character. Such a decision could not be considered a reasonable decision under the circumstances as a trial strategy that highlights the nature of Petitioner's previous convictions paints a picture of a defendant who is willing to commit crimes no matter the circumstances.

(b) If you did not exhaust your state remedies on Ground Four explain why: **N/A**

10

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes    ☑No

(2) If you did not raise this issue in your direct appeal, explain why: **Claims of ineffective assistance of counsel are not typically cognizable on direct appeal.**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    ☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state Type of motion or petition: **Motion for Postconviction Relief pursuant to Fla. R. Crim. P. 3.850**

Name and location of the court where the motion or petition was filed:  **Sixth Judicial Circuit Court in and for Pinellas County, Florida**

Docket or case number (if you know):  **CRC12-13584CFANO**

Date of the court's decision: **October 21, 2019**

Result (attach copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐No

(5) If your answer to Question (b)(4) is "Yes," did you raise this issue in the appeal?

☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed: **Second District Court of Appeal of the State of Florida**

Docket or case number (if you know):  **2D19-4486**

Date of the court's decision: **July 15, 2020**

Result (attach copy of the court's opinion or order, if available): **Per curiam Affirmed**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: **N/A**

## GROUND FIVE: TRIAL COUNSEL FAILED TO ADEQUATELY OBJECT TO IMPROPER ARGUMENTS MADE BY THE STATE ATTORNEY DURING CLOSING. TRIAL COUNSEL FAILURE RESULTED IN THE DENIAL OF PETITIONER'S RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL AND A FAIR TRIAL AS AFFORDED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): During closing arguments, the prosecutor stated that Petitioner had been "sitting in jail, he's had all these months", suggesting that Petitioner was not only already in custody but implying that he had ample time to formulate a false story. Trial counsel did object and moved for a mistrial, but she failed to acknowledge that the improper comments highlighted that Petitioner was already in custody thus affecting the jury's presumption of Petitioner's innocence and further affecting the material question of Petitioner's credibility, which ultimately bore on the ultimate question of Petitioner's guilt.

Had trial counsel elaborated on her reasoning with the above cited arguments there exists a reasonable probability that the objection or motion for mistrial would have been sustained or granted.

(b) If you did not exhaust your state remedies on Ground Five explain why: **N/A**

(c) **Direct Appeal of Ground Five:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes   ☑No

(2) If you did not raise this issue in your direct appeal, explain why: **Claims of ineffective assistance of counsel are not typically cognizable on direct appeal.**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?                                          ☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state Type of motion or petition: **Motion for Postconviction Relief pursuant to Fla. R. Crim. P. 3.850**

Name and location of the court where the motion or petition was filed: **Sixth Judicial Circuit Court in and for Pinellas County, Florida**

Docket or case number (if you know):  **CRC12-13584CFANO**

Date of the court's decision: **October 21, 2019**

Result (attach copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?          ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes    ☐No

(5) If your answer to Question (b)(4) is "Yes," did you raise this issue in the appeal?
                                                                    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed: **Second District Court of Appeal of the State of Florida**

Docket or case number (if you know):  **2D19-4486**

Date of the court's decision: **July 15, 2020**

Result (attach copy of the court's opinion or order, if available): **Per curiam Affirmed**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Five: **N/A**

## GROUND SIX: TRIAL COUNSEL FAILED TO ADEQUATELY ARGUE FOR A MOTION FOR JUDGMENT OF ACQUITTAL. TRIAL COUNSELS FAILURE RESULTED IN THE DENIAL OF PETITIONER'S RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL AND A FAIR TRIAL AS AFFORDED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

(a) Supporting facts ( Do not argue or cite law. Just state the specific facts that support your claim.): At the conclusion of the States case in chief, trial counsel raised a motion for judgment of acquittal. However, trial counsel failed to argue that the State had failed to prove that Petitioner committed the underlying felonies in order to support a charge for felony murder and attempted felony murder. Specifically, trial counsel failed to argue that the State could not prove that the victim's had a legal right to the drugs or money that was allegedly taken. Had trial counsel raised this argument the trial court would have granted the motion and petitioner would have been acquitted.

(b) If you did not exhaust your state remedies on Ground Six explain why: **N/A**

(c) **Direct Appeal of Ground Six:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐  Yes    ☑No

(2) If you did not raise this issue in your direct appeal, explain why: **Claims of ineffective assistance of counsel are not typically cognizable on direct appeal.**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?                                                                    ☑ Yes        ☐ No

(2) If your answer to Question (d)(1) is "Yes," state Type of motion or petition: **Motion for Postconviction Relief pursuant to Fla. R. Crim. P. 3.850**

Name and location of the court where the motion or petition was filed**: Sixth Judicial Circuit Court in and for Pinellas County, Florida**

Docket or case number (if you know): **CRC12-13584CFANO**

Date of the court's decision: **October 21, 2019**

Result (attach copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?                        ☐ Yes        ☑ No

(4) Did you appeal from the denial of your motion or petition?              ☑ Yes        ☐No

(5) If your answer to Question (b)(4) is "Yes," did you raise this issue in the appeal?
                                                                                                                       ☑ Yes        ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed: **Second District Court of Appeal of the State of Florida**

Docket or case number (if you know): **2D19-4486**

Date of the court's decision: **July 15, 2020**

Result (attach copy of the court's opinion or order, if available): **Per curiam Affirmed**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Six: **N/A**

**GROUND SEVEN: TRIAL COUNSEL FAILED TO FILE A MOTION TO SUPRESS PETITIONER'S STATEMENT TO LAW ENFORCEMENT. TRIAL COUNSELS FAILURE RESULTED IN THE DENIAL OF PETITIONER'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND A FAIR TRIAL AS AFFORDED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Prior to giving a statement to law enforcement, Petitioner was held in a cold jail cell for 24 hours while totally naked and in full view of patrons who passed by his cell window. These conditions and treatment forced an involuntary confession by Petitioner, who feared the treatment would get substantially worse if he did not give officers what they wanted. Additionally, law enforcement did not read Petitioner his Miranda rights prior to interrogation, coerced him into signing a written waiver of his Miranda rights without explaining to him what he was signing, and promised Petitioner he would not receive a life sentence if he told them who the shooter was.

Despite being aware of all of the aforementioned circumstances, trial counsel made no effort or attempt to file a motion to suppress Petitioner's illegally obtained confession. Trial counsel's actions were unreasonable as there is a substantial likelihood that Petitioner would have prevailed on such a motion and his incriminating statement would have been suppressed.

(b) If you did not exhaust your state remedies on Ground Seven explain why: **N/A**

(c) **Direct Appeal of Ground Seven:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

                                             ☐ Yes    ☑No

    (2) If you did not raise this issue in your direct appeal, explain why: **Claims of ineffective assistance of counsel are not typically cognizable on direct appeal.**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?                                          ☑  Yes        ☐  No

(2) If your answer to Question (d)(1) is "Yes," state Type of motion or petition**: Motion for Postconviction Relief pursuant to Fla. R. Crim. P. 3.850**

Name and location of the court where the motion or petition was filed**: Sixth Judicial Circuit Court in and for Pinellas County, Florida**

Docket or case number (if you know):  **CRC12-13584CFANO**

Date of the court's decision: **October 21, 2019**

Result (attach copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?            ☐  Yes      ☑  No

(4) Did you appeal from the denial of your motion or petition?       ☑  Yes      ☐No

(5) If your answer to Question (b)(4) is "Yes," did you raise this issue in the appeal?
                                                                      ☑  Yes      ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed: **Second District Court of Appeal of the State of Florida**

Docket or case number (if you know):  **2D19-4486**

Date of the court's decision: **July 15, 2020**

Result (attach copy of the court's opinion or order, if available): **Per curiam Affirmed**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:  **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Seven: **N/A**

**GROUND EIGHT: TRIAL COUNSEL FAILED TO OBJECT TO THE USE OF A GENERAL VERDICT FORM. TRIAL COUNSEL'S FAILURE RESULTED IN A DENIAL OF PETITIONER'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND A FAIR TRIAL AS AFFORDED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): At the conclusion of the State's case in chief, trial counsel agreed to the use of a general verdict form that did not require the jury to make a specific finding as to whether Petitioner discharged a firearm and actually shot and killed Tamika Mack, despite this being alleged in the charging information. It was revealed that there was in fact no evidence elicited at trial to support the assertion that Petitioner was the actual shooter and trial counsel's failure to request an interrogatory verdict form deprived Petitioner of his right to have the State prove, and the jury find, that Petitioner was guilty beyond a reasonable doubt of the crimes he was charged with as alleged in the information.

(b) If you did not exhaust your state remedies on Ground Eight explain why: **N/A**

(c) **Direct Appeal of Ground Eight:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes    ☑No

(2) If you did not raise this issue in your direct appeal, explain why: **Claims of ineffective assistance of counsel are not typically cognizable on direct appeal.**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    ☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state Type of motion or petition: **Motion for Postconviction Relief pursuant to Fla. R. Crim. P. 3.850**

Name and location of the court where the motion or petition was filed: **Sixth Judicial Circuit Court in and for Pinellas County, Florida**

Docket or case number (if you know): **CRC12-13584CFANO**

Date of the court's decision: **October 21, 2019**

Result (attach copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?     ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐No

(5) If your answer to Question (b)(4) is "Yes," did you raise this issue in the appeal?
                                                    ☑ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:


Name and location of the court where the motion or petition was filed: **Second District Court of Appeal of the State of Florida**

Docket or case number (if you know):  **2D19-4486**

Date of the court's decision: **July 15, 2020**

Result (attach copy of the court's opinion or order, if available): **Per curiam Affirmed**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eight: **N/A**

**GROUND NINE: TRIAL COUNSEL FAILED TO OBJECT TO THE JURY INSTRUCTIONS AS GIVEN IN PETITIONER'S TRIAL. TRIAL COUNSEL FAILURE RESULTED IN THE DENIAL OF PETITIONER'S RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL AND A FAIR TRIAL AS AFFORDED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner was charged with Murder in the first degree- Felony Murder contrary to the provision of §782.04(1)(a)(2), Fla. Stat. It was specifically alleged in the information that Petitioner, while in the course of committing or attempting to commit burglary and/or attempted robbery, "did actually possess a firearm and did shoot Tamika Mack, with a firearm, and as a consequence thereof, Tamika Mack died." Clearly, Petitioner was alleged to be the actual shooter in the charging document, yet at the conclusion of Petitioner's trial, trial counsel did not object to the use of Fla. Std. Jury. Instr. (Crim.) 7.3 (3)(b) which provides that the jury must find as an element of the crime of felony murder that the "victim was killed by a person other than [Petitioner]; but both [Petitioner] and the person who killed [the] victim were principals in the commission of [the underlying felony]." Conversely, Fla. Std. Jury Instr. (Crim.) 7.3 (3)(a) requires a jury to find that "[Petitioner] was the person who actually killed [the] victim."

Based upon the language alleged in Petitioner's information, it should have been requisite that trial counsel object to the use of 7.3 (3)(b) as opposed to 7.3 (3)(a). Nevertheless, trial counsel permitted the jury to resolve the question of Petitioner's guilt without being adequately instructed on the applicable law. There is a substantial likelihood that the result of the proceeding would have been different had trial counsel requested the appropriate jury instruction in Petitioner's case. Trial counsel requested the appropriate jury instruction in Petitioner's case. Trial counsel's deficient performance undermined confidence in the outcome of Petitioner's trial.

(b) If you did not exhaust your state remedies on Ground Nine explain why: **N/A**

(c) **Direct Appeal of Ground Nine:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

                                                     ☐ Yes    ☑No

    (2) If you did not raise this issue in your direct appeal, explain why: **Claims of ineffective assistance of counsel are not typically cognizable on direct appeal.**

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?                ☑ Yes    ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state Type of motion or petition: **Motion for Postconviction Relief pursuant to Fla. R. Crim. P. 3.850**

    Name and location of the court where the motion or petition was filed: **Sixth Judicial Circuit Court in and for Pinellas County, Florida**

    Docket or case number (if you know): **CRC12-13584CFANO**

    Date of the court's decision: **October 21, 2019**

    Result (attach copy of the court's opinion or order, if available): **Denied**

    (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

    (4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐No

    (5) If your answer to Question (b)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the motion or petition was filed: **Second District Court of Appeal of the State of Florida**

    Docket or case number (if you know): **2D19-4486**

Date of the court's decision: **July 15, 2020**

Result (attach copy of the court's opinion or order, if available): **Per curiam Affirmed**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Nine: **N/A**

**GROUND TEN: TRIAL COUNSEL FAILED TO PROPERLY ARGUE FOR A MOTION FOR JUDGMENT OF ACQUITTAL. TRIAL COUNSEL'S FAILURE RESULTED IN THE DENIAL OF PETITIONER'S RIGHTS TO DUE PROCESS, EFFECTIVE ASSISTANCE OF COUNSEL AND A FAIR TRIAL AS AFFORDED BY THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Trial counsel, in arguing for a motion for judgment of acquittal, failed to bring to the court's attention the state's failure to charge the underlying crimes of Burglary and Attempted Robbery. Because it is necessary to charge a defendant with an underlying felony with which the State plans to prove a felony murder theory, trial counsel's deficient performance allowed Petitioner to be tried for a crime he was not charged with.

(b) If you did not exhaust your state remedies on Ground Ten explain why: **N/A**

(c) **Direct Appeal of Ground Ten:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes   ☑No

(2) If you did not raise this issue in your direct appeal, explain why: **Claims of ineffective assistance of counsel are not typically cognizable on direct appeal.**

22

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?                                              ☑ Yes        ☐ No

(2) If your answer to Question (d)(1) is "Yes," state Type of motion or petition: **Motion for Postconviction Relief pursuant to Fla. R. Crim. P. 3.850**

Name and location of the court where the motion or petition was filed: **Sixth Judicial Circuit Court in and for Pinellas County, Florida**

Docket or case number (if you know): **CRC12-13584CFANO**

Date of the court's decision: **October 21, 2019**

Result (attach copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?            ☐ Yes        ☑ No

(4) Did you appeal from the denial of your motion or petition?       ☑ Yes        ☐No

(5) If your answer to Question (b)(4) is "Yes," did you raise this issue in the appeal?
                                                                     ☑ Yes        ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed: **Second District Court of Appeal of the State of Florida**

Docket or case number (if you know): **2D19-4486**

Date of the court's decision: **July 15, 2020**

Result (attach copy of the court's opinion or order, if available): **Per curiam Affirmed**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

**(e) Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Ten: **N/A**

23

**GROUND ELEVEN: THE CUMULATIVE EFFECT OF TRIAL COUNSEL'S DEFICIENT PERFORMANCE AMOUNTED TO DENIAL OF PETITIONER'S RIGHT TO A FAIR TRIAL AS AFFORDED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The cumulative effect of the multiple instances of trial counsel's ineffective assistance resulted in enough prejudice to undermine confidence in the outcome of Petitioner's trial. Thus, Petitioner's right to a fair trial was violated.

(b) If you did not exhaust your state remedies on Ground Eleven explain why: **N/A**

(c) **Direct Appeal of Ground Eleven:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes    ☑No

(2) If you did not raise this issue in your direct appeal, explain why: **Claims of ineffective assistance of counsel are not typically cognizable on direct appeal.**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    ☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state Type of motion or petition: **Motion for Postconviction Relief pursuant to Fla. R. Crim. P. 3.850**

Name and location of the court where the motion or petition was filed: **Sixth Judicial Circuit Court in and for Pinellas County, Florida**

Docket or case number (if you know): **CRC12-13584CFANO**

Date of the court's decision: **October 21, 2019**

24

Result (attach copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?            ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?       ☑ Yes    ☐No

(5) If your answer to Question (b)(4) is "Yes," did you raise this issue in the appeal?
                                                                     ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed: **Second District**

**Court of Appeal of the State of Florida**

Docket or case number (if you know): **2D19-4486**

Date of the court's decision: **July 15, 2020**

Result (attach copy of the court's opinion or order, if available): **Per curiam Affirmed**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eleven: **N/A**

13.    Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☐ Yes    ☑No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: **Grounds One and Two. Under Martinez v. Ryan and Trevino v. Thaler, substantial claims of ineffective assistance of counsel can be raised under the cause and prejudiced doctrine.**

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: **Grounds One and Two. See 13(a).**

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the grounds raised. **N/A**

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a.) At preliminary hearing:

(b.) At arraignment and plea:

(c.) At trial: **Kelly McCabe**

(d.) At sentencing:  **Kelly McCabe**

(e.) On appeal: **Jean Jacques Darius**

**(f.)** In any post-conviction proceeding: **Pro Se**

**(g.)** On appeal from any ruling against you in post-conviction proceeding: **Pro Se**

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes    ☑No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: **N/A**

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d)Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes      ☐ No   ☑N/A

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* **This petition is timely**.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such state action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: **Petitioner moves this Honorable Court to vacate the judgment and sentence and remand for a new trial or provide any other relief deemed appropriate.**

_____
Signature of Attorney (if any)

I declare under Penalty of Perjury that my answers to all the questions in this Application are true and correct.

Executed on _____
                [date]

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ___9/8/ 20_____ (month, date, year).

Executed (signed) on ___9/8 /20_____ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing  Petition Under 28 U.S.C. §2254 For Writ Of Habeas Corpus By A Person In State Custody  has been placed into prison official's hands at Charlotte Correctional Institution for the purpose of mailing via U.S. Mail to: **Attorney General, Concourse center 4, 3507 E. Frontage Road, Suite 200, Tampa Fl, 33607; and Sam M. Gibson U.S. Courthouse 801 N. Florida Ave, Tampa, Fl 33602**

on this __8__ day of __September__, 2020.

John Curry

_John Curry_ , *pro se*

DC # _R54550_

Charlotte Correctional Institution

33123 Oil Well Road

Punta Gorda, Fla. 33955

29